**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MICHAEL BRYANT, JOHN DRAKE, BECKY KELLEY AND HERBERT LOWE** | ) | |
| **Plaintiffs,** | ) | **Civil Action** |
| | ) | **File No: 1 04-CV-2462-WSD** |
| **v.** | ) | |
| **VERNON JONES, MARILYN BOYD DREW, MORRIS WILLIAMS, RICHARD STOGNER and JOE STONE in their individual capacities and in their official capacities,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE MOTION FOR JUDGMENT ON THE PLEADINGS**

COME NOW PLAINTIFFS in the above-referenced action and file this Response to Defendants' Joint Motion for Leave to File Motion for Judgment on the Pleadings as follows:

Plaintiffs filed their 42 U.S.C. § 1983 Complaint against Defendants Vernon Jones, Marilyn Boyd Drew, Morris Williams, Richard Stogner and Joe Stone (collectively "Defendants") on August 24, 2004. See Complaint. At Defendants' request, Plaintiffs agreed to allow Defendants additional time in which to file either an Answer or other response pleading to Plaintiffs' Complaint, through and

including October 1, 2004. See September 2, 2004 Consent Motion to Extend Time and September 2, 2004 Order Granting Consent Motion. On October 1, 2004, Defendants filed Answers to the Complaint. See October 1, 2004 Answers. Defendants did not file motions to dismiss or motions for judgment on the pleadings contesting the veracity of any claim in Plaintiffs' Complaint.

Discovery began on November 1, 2004. See L.R. 26.1(A). Per the Scheduling Order of this Court, discovery is set to close on May 2, 2004. Written discovery has been exchanged and Defendants have deposed each Plaintiff (some on multiple occasions and well beyond the seven (7) hour time limits). Plaintiffs are currently in the process of deposing Defendants.

Now, more than four (4) months after the commencement of discovery, Defendants seek to obstruct Plaintiffs' discovery efforts by burdening Plaintiffs with the obligation of responding to a Motion for Judgment on the Pleadings which Defendants should have filed on or before December 1, 2004. Because L.R. 7.1(A)(2) expressly prohibits Defendants from filing their motion without leave of Court, Defendants sought leave to late-file their motion on March 3, 2005. For reasons set forth below, Defendants' motion should be denied.

Local Rule 7.1(a)(2) expressly provides:

> Specific filing times for some motions are set forth below. All other motions must be filed WITHIN THIRTY (30) DAYS after the

> beginning of discovery unless the filing party has obtained prior permission of the court to file later.

(emphasis in original).

Local Rule 7.1(A)(2) promotes the Northern District of Georgia's policy that cases be tried in an efficient and economical manner. See L.R. 1.1(C) ("These rules supplement the Federal Rules of Civil Procedure and shall be construed so as to be consistent with those Rules and promote the just, efficient, and economical determination of every action and proceeding . . . ."). It does so by requiring Defendants to file motions for judgment on the pleadings within thirty (30) days of the start of discovery. See L.R. 7.1(A)(2) (stating all motions not specifically addressed by L.R. 7.2 must be filed within 30 days of the start of discovery); L.R. 7.2. (listing specific deadlines on a number of motions, but excluding motions for judgment on the pleadings). This gives Defendants an additional sixty (60) days after filing their Answer to challenge the facial sufficiency of a Complaint. See Fed. R. Civ. P. 12(a) and (b) (requiring motions to dismiss to be filed at or before time Answer is due); L.R. 26.1(A) (discovery starts 30 days after Answer is filed); L.R. 7.1(A)(2).

Local Rule 7.1(A)(2) assumes that any legitimate challenges to the sufficiency of a Complaint will be filed early in a litigation to prevent the unneeded time and expense associated with discovery. Absent such early

challenges, the parties move to the next stage of litigation, which is conducting discovery. After discovery, Fed. R. Civ. Proc. and L.R. 56.1 provide a mechanism for Defendants to challenge whether Plaintiffs compiled sufficient evidence to prove those claims contained in their Complaint. This is a sensible, efficient, and economical course for a litigation to take.

Defendants, *without explanation* as to why their motion for judgment on the pleadings was not timely filed, and *without explanation* as to why a motion to dismiss was not filed, now seek to interrupt the efficient and economical course of this litigation by attempting to file dispositive pleadings during the middle of discovery. This attempt, *without explanation*, contravenes the policy underlying L.R. 1.1(C) and L.R. 7.2(A)(1). Plaintiffs should not be forced to devote time and resources away from their discovery efforts, especially since Defendants have already been given the opportunity to depose all Plaintiffs and Plaintiffs have not yet deposed all Defendants.

Because Defendants have failed to offer any evidence or argument as to why the Court should grant them leave to file a motion for judgment on the pleadings more than four (4) months after the commencement of discovery,[1] and because the strong public policy of this Federal Rules of Civil Procedure and the United States

[1] By offering no such evidence or argument, Defendants have failed to meet their burden of showing why deviation from L.R. 7.1(A)(2) would be warranted here.

District Court for the Northern District of Georgia Local Rules would prohibit the filing of a motion for judgment on the pleadings at this stage of litigation, Defendants' Motion to Leave to File Motion for Judgment on the Pleadings should be denied.

It must be noted that Defendants will have an opportunity to raise these issues again at the appropriate time, namely within twenty (20) days after the close of discovery, as motions for summary judgment pursuant to Fed. R. Civ. P. 56 and L.R. 56.1(C).

For all these reasons, Defendants' Motion should be denied.

Respectfully submitted, this 22nd day of March, 2005.

Michael J. Bowers
Georgia Bar No. 071650
J. Tom Morgan
Georgia Bar No. 522675
**s/ Christopher S. Anulewicz**
Georgia Bar No. 020914

**BALCH & BINGHAM LLP**
Fourteen Piedmont Center
3535 Piedmont Road, N.E., Suite 1100
Atlanta, Georgia 30305
Telephone: 404-261-6020
Facsimile: 404-261-3656

Attorneys for Plaintiffs

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), this is to certify that this brief has been typewritten in 14 point Times New Roman font and does not contain more than 10 characters per inch of type, in accordance with LR 5.1(B).

This 22nd day of March, 2005.

**s/ Christopher S. Anulewicz**
Georgia Bar No. 020914

**BALCH & BINGHAM LLP**
Fourteen Piedmont Center
3535 Piedmont Road, N.E., Suite 1100
Atlanta, Georgia 30305
Telephone: 404-261-6020
Facsimile: 404-261-3656
canulewicz@balch.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2005, I electronically filed **PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Kerri Anne Gildow
kgildow@rh-law.com

Elizabeth Penn Payne
ppayne@pennpayne.com

Robert B. Remar
rbr@rh-law.com

Nancy Fullerton Reynolds
reynolds@etsw.com

Scott R. Sausser
ssausser@pennpayne.com; ssausser@comcast.net

Brent L. Wilson
bwilson@etsw.com

**s/Christopher S. Anulewicz**
Georgia Bar No. 020914

**BALCH & BINGHAM, LLP**
Fourteen Piedmont Center, Suite 1100
3535 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone: (404) 261-6020
Facsimile: (404) 261-3656
E-Mail: canulewicz@balch.com

**ATTORNEYS FOR PLAINTIFFS**