IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL BRYANT, et al.,

      **Plaintiffs,**

v.            1:04-cv-2462-WSD

VERNON JONES, et al.,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Joint Motion for Reconsideration or, in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b) (Mot. for Reconsideration [304]) and Defendants' Joint Motion for Stay Pending Appeal. (Mot. for Stay [315].)

A motion for reconsideration is appropriate only where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could

have been presented in the previously filed motion.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

Defendants ask the Court to reconsider three rulings, in its November 21, 2006 Order, that:  1) Plaintiff Kelley's hostile work environment claim is not barred by the statute of limitations; 2) the statute of limitations for Plaintiff Kelley's constructive discharge claim began to run on the date Kelley submitted her resignation; and 3)  Plaintiff Lowe's retaliation claim is not barred by Travers v. Jones, 323 F.3d 1294, 1296 (11th Cir. 2003).

Defendants do not cite newly discovered evidence or an intervening development or change in controlling law.  Defendants primarily rehash arguments already made in their motions for summary judgment, and with respect to the statute of limitations issue, make arguments not previously made to the Court.[1]  A

---

[1] Defendants argue that the Court *sua sponte* concluded that Kelley's constructive discharge was an act contributing to her hostile work environment. (Mot. for Reconsideration, at 3-4.)  This is incorrect.  Although they were not particularly clear, Plaintiffs asserted in each of their response briefs that Kelley's hostile work environment claim was not barred by the statute of limitations, in part

motion for reconsideration is not appropriate in this case.  The Court will discuss briefly only the statute of limitations issues.[2]

Statute of Limitations

Plaintiff Kelley asserts in this case separate, but interrelated, claims for hostile work environment and constructive discharge.  Defendants acknowledge this interrelation in discussing Plaintiff Kelley's constructive discharge claim: "Plaintiff Kelley's claim involves 'one subset of Title VII constructive discharge claims: constructive discharge resulting from harassment or 'hostile work environment.''"  (Mot. for Reconsideration, at 13) (citations omitted).  Plaintiff alleges several acts which she claims contributed to a hostile work environment and led to her constructive discharge on September 25, 2002.  Defendants deconstruct this interrelation between the hostile work environment and constructive discharge claims for statute of limitations purposes.  First, Defendants argue there is no act for which they are responsible that occurred within the limitations period, therefore Kelley's hostile work environment claim cannot

---

because Kelley was constructively discharged on October 9, 2002.

[2] Defendants had the opportunity to fully brief the Court on the statute of limitations issue.  In their motions for summary judgment, Defendants did not make the arguments they now assert in their Motion for Reconsideration.

3

survive summary judgment.  Second, Defendants argue that Kelley's resignation is not the operative date from which to calculate when the statute of limitations runs on her constructive discharge claim because the resignation came too late, and the evidence shows Kelley's resignation was not motivated by intolerable working conditions, but by her decision to take another job.

> 1. *Kelley's Hostile Work Environment Claim*

The Court has reviewed the authorities discussed by Defendants in their motion for reconsideration.  The Court agrees that <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002), states that "[a] hostile work environment claim is comprised of a series of acts that collectively constitute one unlawful employment practice" and that "if an act contributing to the claim occurs within the filing period, the entire time period of the hostile work environment may be considered by a court for the purposes of determining liability."  <u>Id.</u> at 117.  The question raised by Defendants, which is not specifically addressed by <u>Morgan</u>, is whether a resignation by a Plaintiff on the grounds she was constructively discharged constitutes an act by Defendants contributing to the hostile work environment claim.  The Court again concludes it does.

The Eleventh Circuit in <u>Akins v. Fulton County</u>, 420 F.3d 1293 (11th Cir.

2005), explained:

> [I]f an employer's conduct negatively affects an employee's salary, title, position, or job duties, that conduct constitutes an adverse employment action. Constructive discharge negatively affects an employee's job status, and therefore constitutes an adverse employment action. In other words, where working conditions are so intolerable that a reasonable person would have felt compelled to resign, the employer's conduct is an adverse employment action.

Akins, 420 F.3d at 1300-01.  Defendants argue a constructive discharge resignation is not an act of the defendant, but rather is an act of the Plaintiff.  Thus, Defendants argue, the resignation cannot be used as an act contributing to Kelley's hostile work environment for purposes of the statute of limitations.  Tellingly, Defendants ignore Akins, and their argument is inconsistent with circuit authority.  The Eleventh Circuit has analyzed the claim of constructive discharge and determined it is an actionable act caused by the defendant when done with unlawful motivations.[3]

Defendants rely on Velikonja v. Gonzales, 2005 U.S. Dist. LEXIS 43780

---

[3] The Court agrees that where an employee alleges a hostile work environment but does not claim constructive discharge, such as where she continues to work for her employer, an act of the Defendant other than a forced resignation is required within the limitations period.  Morgan, 536 U.S. at 117.

(June 23, 2005) rev'd in part on other grounds, 466 F.3d 122 (D.C. Cir. 2006),[4] to support their argument that a constructive discharge claim cannot constitute an act contributing to a claim for hostile work environment for statute of limitations purposes. Velikonja is not persuasive support for the proposition argued by the Defendants.

    In Velikonja, the plaintiff, a former government employee, asserted various discrimination claims against her former employer. Plaintiff took a leave without pay in August 2003 and submitted her resignation in early September 2003. She claimed her resignation was a constructive discharge. Id. at *3. The defendant argued that the plaintiff's constructive discharge claim was barred by the statute of limitations. The Velikonja court noted that Plaintiff had been on leave for almost a month before she resigned. Taking that into consideration, the court opined that the Plaintiff's constructive discharge claim could not have accrued on the date she resigned. The Court reasoned that because every alleged retaliatory or discriminatory act took place in the spring or summer of 2003, and plaintiff went on leave in August 2003, "working conditions could not possibly have become intolerable during the time in which plaintiff was not even going to work." Id.

---

    [4] Defendants are urged to cite case history completely.

\*20.  The Court continued: "Thus, if a constructive discharge claim had been triggered at all, this happened prior to plaintiff's taking leave in August 2003, and thus, plaintiff's complaint on October 16 was untimely."  Id.

Defendants' argument for a bright line rule based on Velikonja is unpersuasive.  Besides being a non-binding decision by a district court outside the Eleventh Circuit, Velikonja does not apply to the issue presented here.  Velikonja dealt with the statute of limitations on a claim for constructive discharge–not a claim for hostile work environment.  Furthermore, the facts of this case are dissimilar from those in Velikonja.  Velikonja did not hold that an employee's constructive discharge can never constitute an act contributing to her hostile work environment claim for statute of limitations purposes, and Defendants do not cite any Eleventh Circuit authority holding otherwise.[5]

---

[5] The Court notes that even if had held that Kelley's hostile work environment claim is barred, her constructive discharge claim survives summary judgment.  Because the constructive discharge claim is based on many of the same facts as Kelley's claim for hostile work environment, the hostile work environment claim is, as a practical matter, an issue that will be litigated in this action.  There necessarily is a convergence of claims in the infrequent case where a plaintiff alleges a constructive discharge based on many of the same facts as her claim for hostile work environment.  When analyzing these claims, it is impossible and illogical to ignore one when evaluating the other.

### 2. *Kelley's Constructive Discharge Claim*[6]

Defendants next argue that the date of Kelley's resignation cannot be the operative date from which the statute of limitations begins to run on her constructive discharge claim, because such a conclusion allows Kelley to circumvent the applicable limitations period. In <u>Flaherty v. Metromail Corp.</u>, 235 F.3d 133 (2d Cir. 2000), the Second Circuit summarized the issue well:

> [I]f the employer discriminates against an employee and purposefully makes the employee's job conditions so intolerable that a reasonable person would feel forced to resign, then the resignation is a constructive discharge–a distinct discriminatory act for which there is a distinct cause of action. . . . *We think the date that [the plaintiff's] claim accrued was the date when she gave definite notice of her intention to retire, and the rule should be the same in all cases of constructive discharge.* . . .In the case of constructive discharge, it is only the employee who can know when the atmosphere has been made so intolerable by the discrimination-motivated employer that the employee must leave.

---

[6] Defendants admit that Stogner and Jones did not argue that Kelley's constructive discharge claim was barred by the statute of limitations in their motions for summary judgment, though Defendant Williams did. (Mot. for Reconsideration, at 12 n.2.) A motion for reconsideration is not the proper forum for Defendants to raise arguments they did not assert in their motions for summary judgment. Accordingly, the Court considers the constructive discharge statute of limitations argument only with respect to Defendant Williams. Defendant Jones and Stogner did not raise the issue in their motions for summary judgment, and the Court will not consider those arguments now.

Id. at 138 (emphasis added).  Commentators have reached the same conclusion. See 4 Lex K. Larson, Employment Discrimination § 72.07[3] (2d ed. 2006) ("[I]n cases involving constructive discharge, the limitations period runs from the date the employee gives notice."); Lindemann & Grossman, Employment Discrimination Law, at 936-37 (3d ed. Supp. 2002) (discussing Flaherty and stating that Courts continue to hold the accrual date of the cause of action for limitations purposes is the date which the adverse employment action is communicated to the plaintiff).

Defendants also cite Velikonja for their argument that the date of an employee's resignation cannot be the operative date of a constructive discharge claim for limitations purposes.  Contrary to Defendants' assertions, the Velikonja Court expressly acknowledged an employee's resignation date and date of constructive discharge may coincide.  Velikonja, 2005 U.S. Dist. LEXIS at *19. For all the reasons discussed in the previous section, Velikonja does not apply to the facts of this case.

In the absence of Eleventh Circuit authority directly on this issue, the Court finds Flaherty and other authorities cited in this Order and in the Court's

November 21, 2006 Order to be more convincing. The Court believes Kelley's alleged forced resignation based on Defendants' treatment of her is the date from which the statute of limitations runs for her constructive discharge claim, and it is not time-barred.

Having reviewed Defendants' motion and the supplemental authority offered in support of the motion and those disclosed by the Court's research, the Court concludes that Plaintiff Kelley's hostile work environment and constructive discharge claims are not barred by the statute of limitations. The Court's holdings on these issues do not constitute clear error. Defendants' motion for reconsideration is denied.

If the Court declines to amend the rulings in it November 21, 2006, order as requested by Defendants, Defendants ask the Court to certify the statute of limitations and <u>Travers</u> issues for immediate appeal. (Mot. for Reconsideration, at 20.)  Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in

such order.

28 U.S.C. § 1292(b).  The Court's holdings on the statute of limitations and Travers issue do not constitute controlling questions of law as to which there is substantial ground for a difference of opinion.  Defendants' motion to certify the issues for immediate interlocutory appeal is denied.

Defendants also request that all pre-trial and trial proceedings in this Court be stayed pending Defendants' interlocutory appeal of the Court's decision regarding qualified immunity.  (Mot. for Stay, at 1-2.)  "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U. S. C. § 1291 notwithstanding the absence of a final judgment."  Mitchell v. Forsyth, 427 U.S. 511, 529 (1985); see also Bennett v. Hendrix, 423 F.3d 1247, 1249 (11th Cir. 2005); Robinson v. Arrugueta, 415 F.3d 1252 , 1257 n.5 (11th Cir. 2005) ("The important purposes of qualified immunity are thwarted if a case is erroneously permitted to go to trial.").  Plaintiffs do not oppose Defendants' motion for a stay.  (Pl. Resp. to Mot. to Stay [332].)  Defendants' Motion for Stay is therefore granted.  See Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251 (11th Cir. 2004) ("[A] federal district court and a federal court of appeals should not attempt

11

to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Accordingly,

**IT IS ORDERED** that Defendants' Joint Motion for Reconsideration or, in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b) [304] is **DENIED**. Defendants' Motion for Stay [315] is **GRANTED**.

**SO ORDERED**, this 10th day of January, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE