# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KRISTY BRYANT YULE,** as Temporary Administrator of the Estate of **MICHAEL BRYANT, JOHN DRAKE, BECKY KELLEY, AND HERBERT LOWE**<br><br>                 Plaintiffs,<br><br>v.<br><br>**VERNON JONES, MARILYN BOYD DREW, MORRIS WILLIAMS and RICHARD STOGNER** in their individual capacities and in their official capacities,<br><br>                 Defendants. | 1:04-cv-2462-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendants' Joint Motion to Strike or For Judgment on the Pleadings on Plaintiff Michael Bryant's ("Bryant") Claim for Punitive Damages [398].

## I.    PROCEDRUAL BACKGROUND

Bryant is a former DeKalb County employee. In 2004, he filed this action against Defendants for unlawful discrimination and harassment in violation of

42 U.S.C. §§ 1981 and 1983.  Bryant requested punitive damages based on these claims to the extent they were brought against Defendants in their individual capacities.

On February 10, 2010, Bryant died.  On March 12, 2010, Kristy Bryant Yule, Temporary Administrator of Bryant's estate, was substituted for Bryant as a Plaintiff pursuant to Rule 25 of the Federal Rules of Civil Procedure.

Defendants concede that Bryant's §§ 1981 and 1983 causes of action may be brought by the administrator of Bryant's estate.  Defendants, however, move to strike or have dismissed Bryant's requests for punitive damages based on his § 1983 causes of action brought against Defendants in their individual capacity.[1]  Defendants argue that the availability of punitive damages abates upon the death of the original plaintiff.  Plaintiffs oppose Defendants' Motion and argue that Eleventh Circuit precedent mandates that Georgia's survival statute, O.C.G.A. § 9-2-41, be applied and, under this statute, Bryant's punitive damages claims do not abate.

---

[1] Bryant's individual capacity § 1981 claims have all been dismissed.  Punitive damages are improper for Bryant's estate's remaining § 1981 causes of action which are all brought against Defendants in their official capacities.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 261 (1981) (punitive damages cannot be awarded against a municipality).

## II. DISCUSSION

### A. Standard for Motions to Strike or for Judgment on the Pleadings

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994). The law governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well-settled. Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Survival of §§ 1981 and 1983 Claims and Claims for Punitive Damages

In Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961) the Circuit addressed the survivability of civil rights claims brought by a representative of the decedent's estate.[2] In Brazier, a Georgia widow sued police officers for beating her husband

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuits adopted as binding the decisions of the Fifth Circuit made before October 1, 1981.

to death in violation of his constitutional rights. The widow brought her § 1983 claims as the widow of the decedent and as administratrix of the decedent's estate. The Circuit considered whether a victim's death, resulting from violation of the civil rights statutes, gives that victim's survivors, including those representing his or her estate, a federally enforceable claim for damages sustained by the victim during his lifetime. Id. at 402.

The Circuit recognized that the civil rights statutes "do not expressly refer to actions for death or the survival of claims arising from civil rights violations." Id. at 403. The Court determined, in contravention of the federal common law rule which generally holds that a claim extinguishes upon the death of the plaintiff, that the decedent's constitutional claims did not terminate upon his death because "it defies history to conclude that Congress purposefully meant to assure to the living freedom from such unconstitutional deprivations, but that, with like precisions it meant to withdraw the protection of civil rights statutes against the peril of death." Id. at 403-04.

"After concluding that the decedent's claims did not terminate upon his death, the Brazier Court determined that there remained a 'gap' between the civil rights legislations . . . and the tolerant, hospitable construction to ameliorate the hardships of the common law rule.'" Carringer v. Rodgers, 331 F.3d 844, 849

(11th Cir. 2003) (quoting Brazier, 392 F.2d at 407).  The Circuit concluded that 42 U.S.C. § 1988 required courts to look to state law to fill this gap.  Brazier, 392 F.2d at 407.  42 U.S.C. § 1988(a) provides that, when federal law is "deficient" with regard to "suitable remedies" in federal civil rights actions, federal courts are to be governed by "the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of [the] civil . . . cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States."  Robertson v. Wegmann, 436 U.S. 584, 587.

The Brazier Court determined that Georgia's survival statute and wrongful death statute filled this gap.  Georgia's survival statute states, in part:

> No action for a tort shall abate by the death of either party, where the wrongdoer received any benefit from the tort complained of; *nor shall any action or cause of action for the recovery of* damages for homicide, *injury to the person*, or injury to property *abate by the death of either party*. The cause of action, in case of the death of the plaintiff and in the event there is no right of survivorship in any other person, shall survive to the personal representative of the deceased plaintiff.

O.C.G.A. § 9-2-41 (emphasis added).[3]  The Circuit reversed the district court's dismissal of the widow's individual claims and her claims as the decedent's administratrix, finding that "Georgia's wrongful death and survival statutes were

---

[3] The Circuit in Brazier considered a former version of this statute, § 3-505, which was largely the same as the present version.

5

incorporated into federal law under § 1988." Carringer, 331 F.3d at 849 (quoting Rhyne v. Henderson County, 973 F.2d 386, 390 (5th Cir. 1992).

Plaintiffs contend that Brazier controls whether Bryant's §§ 1981 and 1983 claims survive and whether the administrator of Bryant's estate may request punitive damages based on those claims. Plaintiffs assert that since Bryant's §§ 1981 and 1983 claims all survive under Brazier, all damages available under these causes of action should survive as well.

Defendants contend that Plaintiffs overstate the holding in Brazier. Defendants concede that under Brazier, Bryant's §§ 1981 and 1983 survive. They argue, however, that Brazier does not address whether the punitive damages component of an individual's civil rights claim survives a plaintiff's death.

Defendants argue that Bryant's claim for punitive damages abated at his death because an award of punitive damages would be inconsistent with federal common law which states that a federal cause of action for a penalty does not survive the death of a plaintiff. See, e.g., Kilgo v. Bowman Transp. Inc., 789 F.3d 859, 876 (11th Cir. 1986); U.S. v. NEC Corp., 11 F.3d 136, 137 (11th Cir. 1994 ("It is well-settled that remedial actions survive the death of the plaintiff, while penal actions do not.")). Defendants rely on district court decisions from Tennessee and Missouri to support this contention. See Medrano v. MCDR, Inc.,

366 F. Supp. 2d 625 (W.D. Tenn. 2005); Earvin v. Warner-Jenkinson Co., 1995 WL 137437 (E.D. Mo. 1995).

Medrano and Earvin both involved § 1981 employment discrimination claims brought by a plaintiff who died after filing suit. In Earvin, the district court found that based on Missouri's survival statutes "plaintiff's claims in this action generally survive his death and such general survival is not inconsistent with federal law." 1995 WL 137437 at *2. The district court held, however, that since a punitive damages claim is penal in nature and since under federal common law a federal cause of action for a penalty does not survive the death of the plaintiff, the plaintiff's request for punitive damages based on his § 1981 claim was inconsistent with federal law and therefore subject to dismissal. Id.; Medrano v. MCDR, Inc., 366 F. Supp. 2d at 636 (holding same).[4]

The Court finds that Defendants' Motion presents an unsettled issue of law within this Circuit and finds the Brazier case is a strong precedent; but the Court understands the law here is nuanced and requires thoughtful analysis. Based upon the record before the Court and in light of the pendency of trial, the Court denies the Motion without prejudice thus allowing Plaintiffs to present to the jury whether Bryant's estate is entitled to punitive damages based on Defendants' conduct. The

---

[4] Plaintiffs elected not to discuss or distinguish these cases in their Opposition.

Court finds that Defendants will not be prejudiced if the jury is asked to consider whether Bryant's estate is entitled to punitive damages, because the jury also will be asked to consider whether the other plaintiffs in this action are entitled to punitive damages.[5] Upon the conclusion of trial, Defendants are invited to raise this issue again for the Court's further consideration after the development of the trial record.

## III. CONCLUSION

Accordingly:

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Strike or for Judgment on the Pleadings on Plaintiff Bryant's Claim for Punitive Damages [398] is **DENIED** without prejudice to the renewal of the Motion after the trial of this action.

**SO ORDERED** this 17th day of March, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[5] As demonstrated by the parties' pre-trial papers, Plaintiffs and Defendants will rely on the same evidence to argue whether each Plaintiff is entitled to punitive damages.