# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRISTY BRYANT YULE, as Temporary Administrator of the Estate of **MICHAEL BRYANT, JOHN DRAKE, BECKY KELLEY, AND HERB LOWE,**<br><br>Plaintiffs,<br><br>v.<br><br>**VERNON JONES, MARILYN BOYD DREW, MORRIS WILLIAMS, AND RICHARD STOGNER, in their individual capacities, and DEKALB COUNTY,**<br><br>Defendants. | CIVIL ACTION NO.<br>1:04-CV-2462-WSD |

## AFFIDAVIT OF CHRISTOPHER S. ANULEWICZ

PERSONALLY APPEARED before the undersigned officer duly authorized by law to administer oaths, CHRISTOPHER S. ANULEWICZ, who, after being duly sworn and deposed, states as follows:

1.

My name is Christopher A. Anulewicz. I am over the age of 18 and am competent to give this affidavit. This affidavit is based on my personal knowledge.

144865.1

2.

I am counsel for Plaintiffs Kristy Bryant Yule, as Temporary Administrator for the Estate of Michael Bryant ("Bryant"), John Drake ("Drake"), Becky Kelley ("Kelley"), and Herb Lowe ("Lowe") in the above-referenced matter.

3.

On a number of occasions during this litigation, Plaintiffs have attempted to resolve the matter with Defendants. However, Defendants refused to engage in any good faith settlement negotiations with Plaintiffs until the eve of trial. Plaintiffs broached the issue of settlement at the Rule 26 preliminary planning conference, after the Court's findings on summary judgment, prior to Defendant Jones leaving office, and after the new DeKalb County CEO, Burrell Ellis ("Ellis"), took office—all with no real response from Defendants. Mediation was only scheduled after the Eleventh Circuit upheld this Court's summary judgment order and denied rehearing en banc.

4.

Specifically, and in addition to discussions at the Rule 26 scheduling conference:

(a) After summary judgment was denied, Plaintiffs counsel J. Tom Morgan and I met personally with Defendants' counsel Brent Wilson and asked if Defendant

Vernon Jones and other Defendants would be interested in discussing settlement of the matter. No response was ever made to this overture;

(b) While this matter was on appeal and before Mr. Jones left office, I contacted Defendants' counsel regarding the possibility of settling this matter before Mr. Jones left office. No response was ever made.

(c) After Burrell Ellis became CEO of DeKalb County, I sent a letter and spoke with Defendants' counsel regarding the possibility of settlement or mediation. These conversations never led to a scheduled mediation;

(d) Mediation was only scheduled once the Eleventh Circuit Court of Appeals affirmed the District Court's summary judgment ruling and denied en banc consideration.

5.

As reported to the Court, mediation was unsuccessful. However, after mediation, Plaintiffs counsel continued to work with Defendants' counsel regarding settlement. The matter was in fact settled, with the express caveat and understanding that any settlement agreement would need to be approved by the DeKalb County Board of Commissioners and Ellis. At least two County Commission meetings were scheduled to discuss this matter. However, no decision on the issue was ever made. After the last scheduled meeting, I called Defendants' counsel to ask whether or not

144865.1               3

the Board of Commissioners had approved the settlement or rejected it. I was told that no action had been taken on the settlement at all and that despite the looming trial date, the Commissioners had "tabled" the settlement issue for consideration at a later time. I asked why this was and was told that, in part, it was for "political reasons."

FURTHER AFFIANT SAYETH NOT.

Christopher S. Anulewicz

Sworn and subscribed to
before me, this the 15th day of
April, 2010.

_____
Notary Public, My Commission Expires: