# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRISTY BRYANT YULE, as Temporary Administrator of the Estate of MICHAEL BRYANT, JOHN DRAKE, BECKY KELLEY, AND HERB LOWE,<br><br>Plaintiffs,<br><br>v.<br><br>VERNON JONES, MARILYN BOYD DREW, MORRIS WILLIAMS, AND RICHARD STOGNER, in their individual capacities, and DEKALB COUNTY,<br><br>Defendants. | CIVIL ACTION NO.<br>1:04-CV-2462-WSD |

## DECLARATION OF MICHAEL J. BOWERS

1.   I am Michael J. Bowers. I have served as co-lead counsel for the Plaintiffs in this case. I am a member of the Atlanta law firm Balch & Bingham LLP ("Balch & Bingham"). Christopher S. Anulewicz and I are the partners responsible for supervision of my firm's work on this case. I make this Declaration in support of Plaintiffs' Motion for Reimbursement of Reasonable Attorneys' Fees and Expenses.

2.   I am a member of the Bar of this Court, the State Bar of Georgia, the Bar of the United States Supreme Court, and the Bars of the United States Court of

144567.1

Appeals for the Eleventh Circuit, and I have been admitted in various other courts and jurisdictions. I am a 1974 graduate of the University of Georgia School of Law. Prior to commencement of private practice, I was an Assistant Attorney General for the State of Georgia from 1974 through 1981. From 1981 until 1997, I was Georgia's Attorney General. Since 1998, I have continuously engaged in the private practice of law in Atlanta, Georgia.

3. My law practice is devoted exclusively to trial and appellate litigation and dispute resolution, with an emphasis on business litigation, civil rights litigation, and litigation involving the state and local governments. I am "AV" rated by Martindale-Hubbell and have been recognized through peer review and client review processes for inclusion in Woodward/White's "Best Lawyers in America," Chambers & Partners USA's "Leaders in Their Field" (Litigation), Law & Politics/Atlanta Magazine's "Georgia Super Lawyers," and Georgia Trend's "Legal Elite." I serve as Chairman of Georgia's Judicial Nominating Committee. I have been recognized with numerous awards, including the State Bar of Georgia's Traditions in Excellence Award and the Atlanta Bar Association's Leadership Award.

4. I am familiar with the economics of law practice, billing rates, billing practices, the cost and recovery of litigation support services and other expenses of litigation, and the setting and collection of legal fees in a variety of circumstances,

including cases presenting professional demands, factual and legal complexity, and risk and expense levels comparable to the instant case. I have derived this knowledge from personal experience negotiating fee agreements with sophisticated consumers of legal services, billing and collecting fees and expenses from clients and/or adverse parties in the legal marketplace, and regularly representing plaintiffs and defendants on an hourly rate basis as well as on contingent fee or hybrid hourly/contingent fee arrangements. I have also derived this knowledge from management responsibilities at my law firm, my extensive mediation and arbitration practice, and practice experience supervising other lawyers and law firms.

5. I am familiar with my firm's policies, practices, and procedures governing the recording and maintenance of time and expense records at Balch & Bingham. I am also familiar with Balch & Bingham's standard hourly rates customarily charged for professional services delivered to clients: (a) who hire Balch & Bingham for a particular case or matter on a purely hourly basis and generally pay their bills within a 30-day cycle; (b) who shoulder full responsibility for the expenses of their case and relieve Balch & Bingham of the financial costs and risks associated with carrying case expenses for an indefinite period of time; (c) who agree to pay Balch & Bingham its fee calculated on an hourly basis without regard to the ultimate result obtained in the case; and (d) for whom neither a premium billing rate

arrangement nor a discounted billing rate arrangement is appropriate or agreed to in advance.

6. Christopher S. Anulewicz and I have personally supervised the work done by Balch & Bingham attorneys and other Balch & Bingham employees in this case. In assigning attorneys and support staff to work on this case and working in coordination with my co-counsel, J. Tom Morgan, I have endeavored to keep the number of personnel assigned to this case to the minimum reasonably necessary to efficiently serve the needs of the Plaintiffs. Because of the length of this case (six years) a number of associates have left Balch & Bingham and were necessarily replaced on this litigation by different lawyers. Likewise, I have endeavored to make work assignments appropriate to each attorney or paralegal's level of experience and expertise.

7. Exhibit 1 to this Declaration is an invoice which reflects all attorney billable hours, professional staff billable hours, and expenses sought for reimbursement in this case or directly related to the prosecution of this case.

8. The hourly rates set forth in Exhibit 1 correctly reflect hourly rates my law firm currently charges and collects from legally sophisticated clients who hire us to perform legal services on a Standard Hourly Rate basis (*see* ¶ 5, *supra*). The information set forth in Exhibit 1 was generated from a database of recorded time

entries created in the ordinary course of Balch & Bingham's business by persons with actual knowledge of the events recorded at or about the time of the events recorded, and which have been maintained in the ordinary course of Balch & Bingham's business. Christopher S. Anulewicz and I have reviewed the entries billed in this matter and have reduced or written off charges we deemed excessive in my exercise of billing judgment. Exhibit 1 represents the fees and expenses sought for reimbursement minus charges that were written-off for purposes of Plaintiffs' fee request. Exhibit 1 includes attorneys' fees expending on the appeal of this matter upon which Plaintiffs prevailed. However, Plaintiffs are not requesting their attorneys' fees, which total $169,946.50, expended on the appeal. See Exhibit 2 (identifying fees by category).

9. Exhibit 2 represents attorneys' fees set forth in Exhibit 1 and has categorized them into work conducted in various stages of this litigation.

10. From the inception of our work on this case, Christopher S. Anulewicz and I have personally supervised and managed the work of Balch & Bingham personnel. Balch & Bingham lawyers who performed services for the Plaintiffs and for whose work Plaintiffs seek reimbursement in this fee application are listed below:

## CURRENT ATTORNEYS AT BALCH & BINGHAM

a. <u>Christopher S. Anulewicz</u>. Mr. Anulewicz is a partner at Balch & Bingham and has, along with me, been primarily responsible for this litigation along with our co-counsel J. Tom Morgan. Mr. Anulewicz graduated with distinction from George Mason University School of Law in 1996, where he was Notes Editor for the George Mason Law Review. Following law school, Mr. Anulewicz clerked for the Honorable William M. Acker, Jr., of the United States District Court for the Northern District of Alabama (1996-1997). Mr. Anulewicz then worked for two years (1997-1999) as litigation associate at King & Spalding. In 1999, Mr. Anulewicz began work for a predecessor firm to Balch & Bingham which merged with Balch & Bingham in 2003. Mr. Anulewicz was an associate at the predecessor firm and Balch & Bingham from 1999 until 2003. From 2004 through the present, Mr. Anulewicz has been a partner at Balch & Bingham and is currently co-Chair of the firm's business litigation section. Mr. Anulewicz has extensive litigation, appellate, and trial experience, including numerous litigations involving civil rights, Federal and

      State constitutional issues, State and local government issues, employment litigation, and business litigation. Mr. Anulewicz has largely overseen the day-to-day litigation of this matter. Mr. Anulewicz's standard hourly rates, reflected in Exhibit 1, have ranged from $285.00 per hour at the inception of this matter to its current level of $385.00 per hour. Balch & Bingham has billed and collected these hourly rates for Mr. Anulewicz in other matters.

b. <u>James L. Hollis</u>. Mr. Hollis is currently a partner at Balch & Bingham, LLP. Mr. Hollis graduated with honors from the University of Georgia School of Law, where he was on the Moot Court team and the editorial staff of the Georgia Journal of International Law. Following law school, Mr. Hollis worked for approximately five years as an associate at King & Spalding, LLP. While at King & Spalding, Mr. Hollis worked predominantly on toxic tort and product liability cases. Mr. Hollis came to Balch & Bingham in October 2003. Mr. Hollis is currently head of the firm's product liability focus group and has extensive litigation experience, including multiple jury trials. Mr. Hollis's current

practice focuses on product liability cases and state and local government contract litigation. In addition to this product liability practice, Mr. Hollis has worked on a wide variety of litigation matters, including contract disputes, civil rights actions, negligent construction and professional liability cases. Mr. Hollis has been involved in drafting discovery, multiple pleadings and actively participated at the trial. Mr. Hollis's standard hourly rates, reflected in Exhibit 1, have ranged from $275.00 per hour at the beginning of his involvement to its current level of $350.00 per hour. Balch & Bingham has billed and collected these hourly rates for Mr. Hollis in other matters.

c. <u>K. Alex Khoury</u>. Mr. Khoury graduated with honors from Mercer University's Walter F. George School of Law in 2003, where he was the Senior Managing Editor for the Mercer Law Review and a member of the Brainerd Currie Honor Society. Following law school, Mr. Khoury worked for three years (2003-2006) as a Labor and Employment law associate at Hunton & Williams in its Atlanta office. From 2006 to the present, Mr. Khoury has worked for Balch & Bingham, LLP as a litigation associate. Mr. Khoury

8

has extensive experience in litigation involving public and private workplace discrimination, harassment, and retaliation. Mr. Khoury's standard hourly rates, reflected in Exhibit 1, have ranged from $245.00 per hour to their current level of $290.00 per hour. Balch & Bingham has billed and collected these hourly rates for Mr. Khoury

d. <u>Geremy W. Gregory</u>. Mr. Gregory graduated cum laude from the University of Georgia School of Law where he was a Notes Editor for the Journal of Intellectual Property Law. Mr. Gregory began work at Balch & Bingham immediately after graduating law school in 2006. In that time, Mr. Gregory has second chaired two jury trials, argued numerous motions, and tried several magistrate court trials in the areas of construction, civil rights, and business litigation. Mr. Gregory's participation in this matter consisted mostly of drafting briefs and providing research support. Mr. Gregory's standard hourly rates, reflected in Exhibit 1, have ranged from $215 per hour at the time he started with Balch & Bingham to its current level of $260 per hour. Balch & Bingham has billed and collected these hourly rates for Mr. Gregory.

e. <u>Marlie A. McDonnell</u>. Ms. McDonnell graduated from Emory University School of Law in 2003. After law school, Ms. McDonnell served for two years as a Georgia Superior Court Law Clerk in the Brunswick Judicial Circuit. Ms. McDonnell joined Balch & Bingham LLP in 2005 as an associate. Ms. McDonnell is currently a senior associate at the firm and has worked extensively at the trial and appellate level in state and government litigation including civil rights matters. Ms. McDonnell's work in this matter was billed at an hourly fee of $290.00. Balch & Bingham has billed and collected this hourly rate for Ms. McDonnell.

f. <u>Lorna Norton</u>. Ms. Norton graduated from Emory University School of Law in 1991, where she was Notes & Comments editor for the Emory Law Journal. Following law school, Ms. Norton worked at Hunton & Williams in Atlanta as an associate in its litigation department. In 1997, Ms. Norton joined Meadows, Ichter & Trigg, the predecessor firm to Balch & Bingham's Atlanta office. She is currently Counsel with Balch & Bingham, where she specializes in researching and drafting briefs in

10

complex litigation matters in state and federal trial and appellate courts. Ms. Norton's standard hourly rate for work done in this case, as reflected in Exhibit 1, was $310 per hour. Balch & Bingham has billed and collected that hourly rate for Ms. Norton.

**PRIOR BALCH & BINGHAM ATTORNEYS**

g. <u>J. Tom Morgan</u>. Mr. Morgan was a partner at Balch & Bingham for all times reflected in Exhibit 1. Mr. Morgan is a well known, experienced trial lawyer. His credentials are set forth fully in this separate affidavit that is filed contemporaneously herewith. Mr. Morgan's standard hourly rate for work done in this case at Balch & Bingham, as reflected in Exhibit 1, was between $400 per hour at the commencement of the litigation to a rate of $500 per hour. Balch & Bingham has billed and collected those hourly rates for Mr. Morgan. Mr. Morgan's current billable rate is $500 per hour. <u>See</u> Morgan Affidavit.

h. <u>Gregory A. Bailey</u>. Mr. Bailey received his law degree from the West Virginia University College of Law where he graduated magna cum laude, and was awarded membership into the Order of the Coif, the Order of the Barristers, and received the Patrick

Duffy Koontz Scholarship for academic excellence. Mr. Bailey served as an editor on the West Virginia Law Review. After graduating from law school, Mr. Bailey practiced at the law firm of King & Spalding and subsequently at Balch & Bingham as a senior litigation associate from 2003 through 2004. While at Balch & Bingham, Mr. Bailey's hourly rate was $250 per hour for this matter. Balch & Bingham has billed and collected that hourly rate for Mr. Bailey. Mr. Bailey's current billable rate, had he stayed at Balch & Bingham (as an associate), would be more than $290 per hour (compare with Senior Associate Alex Khoury).

i. <u>Joshua Belinfante</u>. Mr. Belinfante earned his law degree cum laude from the University of Georgia in 2003. Mr. Belinfante then worked for Alston & Bird LLP before serving as a judicial clerk to the Honorable J.L. Edmondson of the United States Court of Appeals for the Eleventh Circuit. After his clerkship, Mr. Belinfante worked for Balch & Bingham between 2005 and 2007. During this time, Mr. Belinfante also served as Counsel to the Georgia House of Representatives Committee on the Judiciary. Subsequently, Mr. Belinfante became Assistant Executive

Counsel and later Executive Counsel to Georgia Governor Sonny Perdue. Mr. Belinfante now practices at RobbinsLaw LLC in Atlanta, Georgia. While at Balch & Bingham, Mr. Belinfante's hourly rates were $200 per hour and $210 per hourly in this matter. Balch & Bingham has billed and collected those hourly rates for Mr. Belinfante. Mr. Belinfante's billable rate, had he stayed with Balch & Bingham, would be $290 per hour (compare with Marlie McDonnell who graduated in same year).

j. <u>Jason M. Tate</u>. Mr. Tate graduated of the University of Georgia School of Law cum laude where he was on the Moot Court team. After law school, Mr. Tate practiced with Balch & Bingham as a litigation associate From 2004 to 2006. Mr. Tate subsequently worked as an Assistant United States Attorney for the Southern District Attorney and he is currently a lawyer at Gilbert, Harrell, Sumerford & Martin, P.C. in Brunswick, Georgia. While at Balch & Bingham, Mr. Tate's hourly rates on the matter were $175 per hour when he started on this matter through $210 per hour when he left. Balch & Bingham has billed and collected those hourly rates for Mr. Tate. Mr. Tate's billable rate, had he stayed with

Balch & Bingham would be approximately $290 per hour (compare with associate Marlie McDonnell).

k. <u>Patricia Roy</u>. Ms. Roy graduated the Mercer University School of Law where she was on the Law Review. After law school, Ms. Roy practiced with Balch & Bingham as a litigation associate from 2003 through 2006. Ms. Roy currently practices at Ichter Thomas LLC in Atlanta, Georgia. While at Balch & Bingham, Ms. Roy's hourly rates were $180 per hour at the beginning of this matter through $200 per hour when she left. Balch & Bingham has billed and collected those hourly rates for Ms. Roy. Ms. Roy's billable rate, had he stayed with Balch & Bingham would be approximately $290 per hour (compare with associate Marlie McDonnell).

l. <u>Talia J. Nurse</u>. Ms. Nurse earned her law degree from the University of Georgia School of Law. While in law school, she ranked nationally in the Thurgood Marshall Mock Trial Competition and was a member of the Journal of Intellectual Property. After law school Ms. Nurse practiced with Balch & Bingham from 2004 through 2006. Ms. Nurse currently practices

14

at the Law Office of Talia J. Nurse in Atlanta, Georgia. While at Balch & Bingham, Ms. Nurse's hourly rates were $200 per hour and $210 per hourly in this matter. Balch & Bingham has billed and collected those hourly rates for Ms. Nurse. Ms. Nurse's billable rate, had she stayed with Balch & Bingham would be approximately $290 per hour (compare with associate Marlie McDonnell).

m. In addition, paralegals, investigators, and interns employed by Balch & Bingham and working under my or Mr. Anulewicz's personal supervision devoted time to this matter. Their time is reflected in Exhibit 1.

11. The work required of Balch & Bingham attorneys and professionals to prosecute this matter were all necessarily incurred.

12. The quantity of time devoted by Balch & Bingham professionals to this matter and detailed in this fee application is reasonable, necessary, and fully deserving of compensation.

13. The hourly rates reflected in Exhibit 1 are fair, reasonable, and consistent with hourly rates in the Atlanta market for the price of legal services of comparable quality rendered in cases demanding similar skill, judgment, and performance.

Indeed, as noted above, the rates listed in Exhibit 1 are those actually charged to and collected from legally sophisticated clients of my law firm. Likewise, the hourly rates listed in the Declaration of J. Tom Morgan are fair, reasonable, and consistent with the hourly rates in the Atlanta market for the price of legal services of comparable quality rendered in cases demanding similar skill, judgment, and performance. The rates requested for Mr. Morgan's firm are commensurate with the rates my firm charges paying clients for the services of attorneys and paraprofessionals of similar practice levels and years of experience.

14. As a point of comparison regarding reasonable hourly rates in the Atlanta marketplace for legal services, attached hereto as Exhibit 3 is the Fulton County Daily Report's March 8, 2010 article "$900 Lawyers Aren't Just a New York Thing Anymore," which lists the hourly rates of numerous Atlanta-area practitioners charged in 2009 in fee petitions to the bankruptcy courts. Our rates are lower than those of comparable firms. Moreover, according to the Atlanta Journal Constitution, Defendants have spent considerably more defending this matter than we have prosecuting it. <u>Prior to trial</u>, Defendants spent more than $2.53 million defending this matter prior to trial. <u>See</u> Bill Rankin, $2 Million Verdict Sought In DeKalb Discrimination Case, Atlanta Journal-Constitution, March 31, 2010 attached hereto as Exhibit 4.

15. As a further point of comparison, attached hereto as Exhibit 5 is *Law.com*'s May 11, 2009 article, "Cap on Legal Fees in Bankruptcy Alarms Firms," which reports the hourly rates sought by attorneys from law firms of highly-regarded national reputation in the IndyMac bankruptcy. This report reflects that attorneys from Washington, D.C., Los Angeles, and New York sought court-awarded hourly rates, at the upper end, of between $750 and $995 per hour. In the Tribune bankruptcy, the bankruptcy judge capped hourly rates at $925 per hour after the law firm Sidley Austin sought a $1,100 hourly fee. In comparison, the hourly rates requested by Balch & Bingham and J. Tom Morgan are modest.

16. The expenses reflected in Exhibit 1 were actually expended to prosecute this action. These expenses were reasonable and necessary to protect the interests of the Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of May, 2010.

_____
Michael J. Bowers